1   PHILLIP A. TALBERT
    Acting United States Attorney
2   LAURA D. WITHERS
    Assistant United States Attorney
3   2500 Tulare Street, Suite 4401
    Fresno, CA 93721
4   Telephone: (559) 497-4000
    Facsimile:  (559) 497-4099
5

6   Attorneys for Plaintiff
    United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              CASE NO.  1:20-CR-00151-NONE-SKO

12                    Plaintiff,

13            v.                           STIPULATION TO CONTINUE STATUS
                                           CONFERENCE AND REGARDING
14  JOSE FERNANDO GOMEZ-MOREIRA,           EXCLUDABLE TIME PERIODS UNDER SPEEDY
                                           TRIAL ACT; FINDINGS AND ORDER
15                    Defendant.

16

17         This case was previously scheduled for a status conference on April 21, 2021.  On May 13, 2020,

18  this Court issued General Order 618, which indefinitely continues the prior suspension of all jury trials

19  in the Eastern District of California and the prior courthouse closures as set forth in General Order 617.

20  These and previous General Orders were entered to address public health concerns related to COVID-

21  19.

22         Although the General Orders address the district-wide health concern, the Supreme Court has

23  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

24  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

25  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

26  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

27  at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

28  judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

    STIPULATION REGARDING EXCLUDABLE TIME          1
    PERIODS UNDER SPEEDY TRIAL ACT

1 orally or in writing").

2      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

3 and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

4 justice continuances are excludable only if "the judge granted such continuance on the basis of his

5 findings that the ends of justice served by taking such action outweigh the best interest of the public and

6 the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

7 unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

8 the ends of justice served by the granting of such continuance outweigh the best interests of the public

9 and the defendant in a speedy trial."  *Id.*

10      The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

11 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

12 natural disasters, or other emergencies, this Court has discretion to order a continuance in such

13 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

14 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

15 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

16 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

17 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

18 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

19      In light of the societal context created by the foregoing, this Court should consider the following

20 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

21 justice exception, § 3161(h)(7) (Local Code T4).

22 **STIPULATION**

23      Plaintiff United States of America, by and through its counsel of record, and defendants, by and

24 through their counsels of record, hereby stipulate as follows.

25      1.     This case was previously set for a status conference on April 21, 2021.

26      2.     By this stipulation, the parties now move to continue the status conference until May 19,

27 2021, and to exclude time between April 21, 2021 and May 19, 2021, under Local Code T4.

28      3.     The parties agree and stipulate, and request that the Court find the following:

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

a)      The government has represented that the discovery associated with this case has been either produced directly to counsel and/or made available for inspection and copying, including an additional recording, which it recently helped counsel for defendant obtain.

b)      Counsel for defendant desires additional time to review discovery and consult with his client about a possible resolution in this case.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 21, 2021 to May 19, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 14, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ LAURA D. WITHERS
LAURA D. WITHERS
Assistant United States Attorney

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1    Dated:  April 14, 2021                              /s/ Benjamin Gerson
                                                         BENJAMIN GERSON
2                                                        Counsel for Defendant
                                                         JOSE FERNANDO GOMEZ-
3                                                        MOREIRA

4

5                              **FINDINGS AND ORDER**

6

7        IT IS SO FOUND AND ORDERED this  16th day of   April        , 2021 .

8

9                                      /s/ Sheila Oberto
                                     THE HONORABLE SHEILA K. OBERTO
10                                   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT