# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE FERNANDO GOMEZ-MOREIRA,<br><br>    Defendant. | No. 1:20-CR-00151-JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 28 U.S.C. § 3582(c)(1)(A)<br><br>(Docs. 61, 73) |

Jose Fernando Gomez-Moreira is a federal prisoner moving for compassionate release under 28 U.S.C. § 3582(c)(1)(A). (Docs. 61, 73.) Gomez-Moreira argues that "his deteriorating health [] limits his ability to care for himself and cannot be effectively managed within the Bureau of Prisons." (Doc. 73 at 1.) The Government opposes Gomez-Moreira's motion, arguing that "his medical conditions are being adequately monitored and treated," that "non-terminal medical conditions like those from which he suffers are not a basis for early release," and that "he has a significant criminal history that includes violent felonies, multiple immigration violations, and resisting arrest." (Doc. 78 at 1-2.) Gomez-Moreira submitted stating that "the government makes the conclusory argument that Mr. Gomez-Moreira's medical records show that his medical conditions are being 'adequately monitored and treated'" while offering "no specific record citations to support this claim." (Doc. 81 at 1.) For the reasons explained below, the motion is **DENIED**.

## BACKGROUND

Gomez-Moreira pleaded guilty to one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1) on June 10, 2021. (Doc. 60 at 4.) The applicable offense level was 23 and Gomez-Moreira's criminal history category was V. (*Id*. at 3.) Based on this, the guidelines called for an 84- to 105-month term of imprisonment. (*Id*.) The court sentenced Gomez-Moreira to 72 months. (Doc. 58.)

Gomez-Moreira is currently incarcerated at USP Lompoc and has a projected release date of October 13, 2025. (*Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited January 17, 2024).) On March 3, 2023, Gomez-Moreira moved for compassionate release alleging lack of proper care various chronic conditions and requested to have counsel appointed. (Doc. 61.)

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA"), imprisoned defendants may bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). A defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

First, a defendant petitioning for compassionate release must exhaust administrative remedies. Once they do so, courts consider whether "extraordinary and compelling reasons warrant" the requested reduction. 18 U.S.C. § 3582(c)(1)(A) (2018). Then, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id*.

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. New sentencing guidelines went into effect on November 1, 2023. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023). This court

refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (Stating that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding" regarding the previous policy statement issued in 2006). The amendments contain six types of circumstances that may qualify as "extraordinary and compelling." *Id*. These are 1) the medical circumstances of the defendant, 2) the age of the defendant, 3) the family circumstances of the defendant, 4) whether the defendant was a victim of abuse while in custody, 5) other reasons that are similar in gravity to 1-4, and 6) an unusually long sentence. USSG §1B1.13, p.s. (last amended Nov. 1, 2023). If a court finds that extraordinary and compelling circumstances exist, it must then look at the § 3553 factors to determine if these support a sentence reduction. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**ANALYSIS**

**A.    Administrative Exhaustion**

Gomez-Moreira's request for compassionate release was denied by USP Lompoc's warden on January 4, 2023. (Doc. 61 at 5.) Section 3582(c)(1)(A) of Title 18 of the United States Code permits an inmate to move for compassionate release after either exhausting their administrative remedies or 30 days after they submit their request to the Warden. Since Gomez-Moreira's request has been denied, he has exhausted his administrative remedies and is permitted to file this motion. The Government agrees that Gomez-Moreira has exhausted his administrative remedies. (Doc. 78 at 1.)

**B.    Extraordinary and Compelling Reasons**

Gomez-Moreira argues that he qualifies for relief under 18 U.S.C. § 3582(c)(1)(A) because "he suffers from a serious medical condition that substantially diminishes his ability to provide self-care within the institution and which he is not expected to recover from." (Doc. 73 at 7.) Gomez-Moreira elaborates that "[t]he serious deterioration of [his] health is already occurring," and that he "cannot perform basic tasks due to trigger finger in both hands, and the severe pain that accompanies simply walking around likely exacerbates his diabetes, high

cholesterol, and obesity." (*Id.*) At the time that Gomez-Moreira filed his motion, the new 2023 amendment to the sentencing guidelines had not gone into effect. However, Gomez-Moreira premised his arguments both on the old guidance and the guidelines that would soon be operative. (Doc. 7. at 6-7.)

Under the new guidelines, extraordinary and compelling reasons exist based on the medical circumstances of the defendant if:

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a

4

|   |   |
|---|---|
| 1 | result of exposure to the ongoing outbreak of infectious disease or the |
| 2 | ongoing public health emergency described in clause (i); and |
| 3 | (iii) such risk cannot be adequately mitigated in a timely manner. |

USSG §1B1.13, p.s.

Gomez-Moreira does not make any allegations under USSG §1B1.13 §§ (A) or (D), thus the Court will only consider USSG §1B1.13 §§ (B) and (C). (*See* Doc. 73 at 7.) Gomez-Moreira argues that he satisfies the requirements of both USSG §1B1.13 (b)(1)(B)(i) and (b)(1)(C) because he "'is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death, that is not being provided in a timely or adequate maner.' [sic]" (*Id.*)

Gomez-Moreira suffers from chronic pain, trigger fingers, type II diabetes, hyperlipidemia, and hypertension. (Doc. 73 at 3.) The Government argues that Gomez-Moreira's "assertion is belied by his BOP medical records that show the BOP is actively monitoring his conditions and adjust his treatment as needed." (Doc. 78 at 3.) Having reviewed Gomez-Moreira's BOP medical records (Doc. 83), the Court agrees with the Government's assertion that Gomez-Moreira's conditions are being adequately monitored.

Though the Court is sympathetic to Gomez-Moreira's conditions, they do not rise to the level of extraordinary and compelling. Diagnoses for chronic conditions, which are treatable by the BOP, such as diabetes, hyperlipidemia, and hypertension, do not establish extraordinary and compelling reasons that merit compassionate release. *See United States v. Weidenhamer*, No. CR1601072001PHXROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."); *United States v. George*, No. 1:17-CR-00030-JLT-SKO, 2022 WL 17812892 (E.D. Cal. Dec. 19, 2022) (finding that a diagnoses for hypertension and hyperlipidemia that were being monitored and treated did not establish extraordinary and compelling reasons for compassionate release); *United States v. Aguilar-Cortez*, No. 2:95-CR-20 WBS, 2022 WL 118407, at *1 (E.D. Cal. Jan. 12, 2022) (Denying compassionate release of defendant suffering from diabetes and hypertension based in part on BOP's ability to treat his medical conditions.) Similarly, courts in

this district have found that conditions causing chronic pain do not rise to the level of extraordinary and compelling. *See United States v. Mendez*, No. 2:11-CR-00356 KJM, 2021 WL 2003202, at *2 (E.D. Cal. May 19, 2021) ("While the court can sympathize with conditions manifesting as chronic pain and mental health illness, they do not demonstrate an extraordinary and compelling reason to reduce [defendant's] sentence here.")

Gomez-Moreira argues that his trigger fingers make "it difficult and painful to complete necessary tasks, such as cleaning himself after using the restroom." (Doc. 73 at 4.) Under the new guidelines, a defendant may be eligible for relief if they are "suffering from a serious physical or medical condition" if that condition "substantially diminishes the ability of the defendant to provide self-care." USSG §1B1.13(b)(1)(B)(i). Though Gomez-Moreira describes how the condition with his hands makes it difficult and painful to "clean himself after using the restroom," he has failed to demonstrate that this constitutes a substantial diminution of his ability to care for himself. Based on the foregoing, the Court finds that Gomez-Moreira has not established that extraordinary and compelling reasons meriting his release exist.

**C.    Consistency with the § 3553(a) Factors**

Because the Court concludes that Gomez-Moreira's request is not supported by "extraordinary and compelling" reasons, the Court need not reach the § 3553(a) sentencing factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step").

**CONCLUSION**

For the reasons discussed above, Defendant Gomez-Moreira's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Docs. 61, 73), is **DENIED**.

IT IS SO ORDERED.

Dated:    **January 23, 2024**

UNITED STATES DISTRICT JUDGE